UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 21-62417-CIV-MORENO**

Everoy Duhaney,

    Plaintiff,

vs.

Enhanced Recovery Company, LLC,

    Defendant.

_____/

## SCHEDULING ORDER SETTING TRIAL

THIS COURT issues this order in accordance with Local Rule 16.1. The parties shall comply with the following deadlines.

| | |
|---|---|
| Selection of a mediator to be completed no later than: | December 22, 2021 |
| Deadline to join additional parties or to amend pleadings: | January 5, 2022 |
| In the unlikely event that experts are needed, disclosure of experts' names and their reports are required at least 30 days before the discovery deadline.<br><br>Deadline to complete all discovery (including expert discovery): | February 4, 2022 |
| Deadline for the filing of all motions for summary judgment: | February 18, 2022 |
| Deadline for the filing of pretrial motions (including motions *in limine* and *Daubert* motions): | March 24, 2022 |
| Mediation to be completed no later than: | March 24, 2022 |
| Plaintiff's witness and exhibit lists: | May 4, 2022 |
| Defendant's witness and exhibit lists: | May 6, 2022 |
| Pretrial stipulations to be filed by: | May 10, 2022 |
| Calendar Call at 2:00 p.m., Wilkie D. Ferguson U.S. Courthouse, Courtroom 12-2, 400 North Miami Avenue, Miami, FL 33128: | May 17, 2022 |

| Trial set for the two-week period commencing: | May 23, 2022 |
|---|---|

Pursuant to Federal Rule of Civil Procedure 40, this action is at issue. It is **ADJUDGED** that the parties shall comply with the following trial management procedures:

(1) **Pretrial Conference** – The Pretrial Conference allowed under Federal Rule of Civil Procedure 16(a) and required by Local Rule 16.1.C, shall take place immediately following Calendar Call only if requested by the parties in advance. If the parties do not request a pretrial conference in advance of Calendar Call then no pretrial conference will be held.

(2) **Plaintiff's Witness and Exhibit Lists** – Plaintiff shall electronically upload onto the case docket a copy of Plaintiff's Witness List and a copy of Plaintiff's Exhibit List no later than **Wednesday, May 4, 2022, at 5:00 p.m.**

> (a) **Plaintiff's Witness List** - Plaintiff's Witness List shall include all the witnesses, both lay and expert, that Plaintiff intends to call at trial. Plaintiff's Witness List shall briefly describe the nature of each witness' testimony and whether such witnesses will be testifying live or by deposition. Witnesses omitted from the list will not be allowed at trial.
>
> (b) **Plaintiff's Exhibit List** - Plaintiff's Exhibit List shall include the exhibits that Plaintiff intends to use at trial. Plaintiff's Exhibit List shall in consecutively numbered paragraphs adequately describe the nature of each document listed. The actual exhibits shall be pre-marked with corresponding numbers (*e.g.* Plaintiff's Exhibit #1, Plaintiff's Exhibit #2, *etc.*) which numbers they will retain through the end of trial. The exhibit list shall refer to specific items and shall not include blanket statements such as *all exhibits produced during depositions* or *Plaintiff reserves the use of any other relevant evidence.* Exhibits omitted from the list will not be allowed at trial.

(3) **Defendant's Witness and Exhibit Lists** – Defendant shall electronically upload onto the case docket a copy of Defendant's Witness List and a copy of Defendant's Exhibit List no later than **Friday, May 6, 2022, at 5:00 p.m.**

> (a) **Defendant's Witness List** - Defendant's Witness List shall include only those additional lay and expert witnesses not included on Plaintiff's Witness List. Witnesses listed by Plaintiff will be available for both parties and should not be

2

re-listed on Defendant's Witness List. Defendant's Witness List shall briefly describe the nature of each additional witness' testimony and whether such witnesses will be testifying live or by deposition. Witnesses omitted from Defendant's Witness List and not listed on Plaintiff's Witness List will not be allowed at trial.

(b) **Defendant's Exhibit List** - Defendant's Exhibit List shall include only those additional exhibits that Defendant wishes to introduce at trial which are not on Plaintiff's Exhibit List. Defendant's Exhibit List shall in consecutively numbered paragraphs adequately describe the nature of each document listed. The actual exhibits shall be pre-marked with corresponding numbers (*e.g.* Defendant's Exhibit #1, Defendant's Exhibit #2, *etc.*) which numbers they will retain through the end of trial. The exhibit list shall refer to specific items and shall not include blanket statements such as *all exhibits produced during depositions* or *Defendant reserves the use of any other relevant evidence*. Exhibits omitted from Defendant's Exhibit List and not listed on Plaintiff's Exhibit List will not be allowed at trial.

(4) **Pretrial Stipulation** – Pursuant to Local Rule 16.1.E, the parties shall file a Pretrial Stipulation no later than **Tuesday, May 10, 2022**. The Pretrial Stipulation shall conform to the requirements of Local Rule 16.1.E. The parties shall attach to the Pretrial Stipulation copies of the witness and exhibit lists along with any objections allowed under Local Rule 16.1.E.9. A pending motion for continuance shall not stay the requirement for filing of a Joint Pretrial Stipulation.

(5) **Continuance / Settlement** – To the extent that the parties request modification of any date in this Court's Scheduling Order, the parties shall file either a *Motion to Continue Trial* or a *Motion to Continue Pretrial Deadlines*. A stipulation of settlement must also be in writing. *See* Local Rule 7.1.4. Unless the Court grants the motion in writing, counsel must appear at the Calendar Call.

(6) **Motions** – When submitting motions, the parties shall submit a proposed order only for those motions listed in Local Rule 7.1.A.1.

(7) **Depositions** – Depositions are limited to seven hours during one day absent court order or agreement of the parties and any affected non-party witnesses. *See* Local Rule 26.1K.

3

(8) **Summary Judgment** – The practice of filing multiple motions for partial summary judgment which are collectively intended to dispose of the case (as opposed to one comprehensive motion for summary judgment) in order to evade memorandum page-limitations is specifically prohibited. *See Administrative Order 97-06* (S.D. Fla. Jan. 31, 1997) (amending Local Rule 7.1.C.2).

DONE AND ORDERED in Chambers at Miami, Florida, this ____ of December 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 21-62417-CIV-MORENO**

Everoy Duhaney,

        Plaintiff,

vs.

Enhanced Recovery Company, LLC,

        Defendant.
_____/

## ORDER OF REFERRAL TO MEDIATION

Trial having been set in this matter for **May 23, 2022**, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, it is

**ADJUDGED** as follows:

(1) **Mediation** – All parties must participate in mediation. The parties shall complete mediation no later than **March 24, 2022**.

(2) **Selection of Mediator** – One of Plaintiff's counsel, or any other attorney agreed upon by all counsel of record and any unrepresented parties, shall be "lead counsel" and responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of this Court, but may select any other mediator. The parties shall agree upon a mediator no later than **December 22, 2021**. If there is no agreement, lead counsel shall promptly notify the Clerk in writing and the Clerk shall designate a mediator from the List of Certified Mediators, which designation shall be made on a blind rotation basis.

(3) **Order Scheduling Mediation** – A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established. Lead counsel shall complete the form order attached and submit it to the Court. After the Court enters the completed form order, the mediator may, with consent of the parties, reschedule mediation at the mediator's discretion without further order of the Court.

(4) **Attendance** – The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If an insurer is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

(5) **Confidentiality** – All discussions, representations and statements made at the mediation conference shall be confidential and privileged.

(6) **Mediator Summary** – At least **ten** days prior to the mediation date, all parties shall present to the mediator a brief written summary of the case identifying issues to be resolved. Copies of these summaries shall be served on all other parties.

(7) **Non-Compliance** – The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement-authority requirements or who otherwise violate the terms of this order. The mediator shall report non-attendance and may recommend impositions of sanctions by the Court for non-attendance.

(8) **Mediator Compensation** – The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2.B.6, or on such basis as may be agreed to in writing by the parties and mediator selected by the parties. The parties shall share equally the cost of mediation unless otherwise ordered by the Court. All payments shall be remitted to the mediator within 30 days of the date of the bill. Notice to the mediator of

cancellation or settlement prior to the scheduled mediation must be given at least two full business days in advance. Failure to do so will result in imposition of a fee for one hour.

(9) **Settlement** – If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2.F, by the filing of a notice of settlement signed by counsel of record within **ten** days of the mediation conference. Thereafter the parties shall submit an appropriate pleading concluding the case.

(10) **Mediation Report** – Within **five** days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse.

(11) **Sanctions** – If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions including dismissal or default may be imposed.

DONE AND ORDERED in Chambers at Miami, Florida, this ___8th___ of December 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

3

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 21-62417-CIV-MORENO**

Everoy Duhaney,

       Plaintiff,

vs.

Enhanced Recovery Company, LLC,

       Defendant.

_____/

**ORDER SCHEDULING MEDIATION**

The mediation conference in this matter shall be held with _____
on _____, 2021, at _____ a.m./p.m. at _____
_____.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of December 2021.

                                                _____
                                                FEDERICO A. MORENO
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record